UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL CANINO PEDREGAL (A-Number: 029-581-874),<br>Petitioner,<br>v.<br>HOMELAND SECURITY,<br>Respondent. | Case No. 1:26-cv-5388-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Raul Canino Pedegal, a citizen of Cuba, was admitted to the United States on September 26, 1987, as a refugee. He was most recently re-detained by ICE on October 16, 2025, and has remained in custody since that time. Petitioner has a removal order from June 27, 1997, and immigration authorities have previously detained him in an unsuccessful effort to remove him to Cuba. Petitioner asserts that it is not reasonably foreseeable that he will be removed to Cuba, and, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, alleging that his detention is illegal under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) and 8 U.S.C. § 1231(a)(6). For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

Petitioner Raul Canino Pedegal, a citizen of Cuba, was admitted to the United States on September 26, 1987, as a refugee. ECF No. 5-1 at 1-2. In May 1989, his status was adjusted to lawful permanent resident. *Id.* While in the United States, petitioner has been convicted of various crimes, including driving on a suspended license, weapons violations, driving under the influence, drug distribution, drug possession, fleeing and obstructing police officers, robbery with no weapon, and hit and run. ECF No. 5-1 at 3. In June 1997, an immigration judge ordered him removed. ECF No. 5-1 at 3; ECF No. 5-2 at 1. Petitioner was taken into ICE custody in 2003 for 103 days, in 2007 for 93 days, and in 2017 for 33 days. ECF No. 1 at 6. Each time, he was released from supervision because Cuba denied him entry. *Id.* at 7. ICE confirms that it released petitioner on an order of supervision on October 30, 2007, because it could not obtain a travel document. ECF No. 5-1 at 3.

On October 14, 2025, ICE issued a warrant of removal and took petitioner into custody to "remove [him] from the United States." ECF No. 5-1 at 5. ICE has kept petitioner in custody since that time. ECF No. 1 at 6.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner asserts that his removal is not reasonably foreseeable under 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), and thus his continued detention is no longer authorized by statute.[1] ECF No. 1 at 6, 7. The removal order was administratively final on June 27, 1997. *See* ECF No. 5-2. Respondent concedes that petitioner's "removal order became administratively final over ninety days ago and his detention, therefore, falls outside the removal period." ECF No. 5 at 2. Accordingly, respondent is detaining petitioner under section 1231(a)(6), which provides for detention "beyond the [90-day statutory] removal period" for certain noncitizens.

In *Zadvydas*, 533 U.S. 678, the Supreme Court considered prolonged immigration detention after a final order of removal. Although the government has statutory authority to detain noncitizens for removal, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.*, 533 U.S. at 699. The Supreme Court established a burden-shifting framework to determine whether continued immigration detention is lawful and adopted a presumption that immigration detention is reasonable for a period of up to six months, after the final order of removal, when the detention is related to effectuating removal. *Id.* at 701.

*Zadvydas*' six-month presumptively reasonable period begins when an administratively final order of removal order is entered. *See Zadvydas*, 533 U.S. at 682; 8 U.S.C. § 1231(a)(1)(B)(i). As conceded by respondent, petitioner is well beyond the presumptively reasonable six-month period. During this detention period alone, respondent has detained petitioner for almost 10 months.

Respondent's only argument is that petitioner has not "provided good reason to believe that his removal is not significantly likely to occur in the reasonably foreseeable future" under *Zadvydas*. ECF No. 5 at 2. To the contrary, petitioner clearly alleges that there is "no likelihood

[1] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n. 1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

of removal in the next foreseeable future." ECF No. 1 at 7. He points to the three prior times that respondent has taken him into custody with the intent to remove him: in 2003 for 103 days, in 2007 for 93 days, and in 2017 for 33 days. *Id.* at 6. He states that Cuba "denied [him] entry" each time, leading ICE to release him on supervision. *Id.* at 7. He notes that he has been detained for well over six months at this point "without any travel documents for [him] to Cuba nor any other country that has accepted [him] as a citizen." *Id.* I find that petitioner has provided good reason to believe that removal is not significantly likely to occur in the reasonably foreseeable future.

In *Zadvydas*, the Court directed lower courts to "measure reasonableness . . . in terms of the statute's basic purpose, . . . assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699. There is no evidence that respondent has made any attempt to remove petitioner during the ten months that it has held him in custody since October 2025. *See* ECF No. 5. Cuba has thrice denied respondent's attempts to remove petitioner in the past. ECF No. 1 at 7. The government has made no attempt to rebut petitioner's proof. I determine that there is "no significant likelihood of removal in reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 701..

As there is no "significant likelihood that petitioner will be removed in the reasonably foreseeable future," his continued detention is unlawful, and he must be released. *See Aaron H. v. Chestnut*, No. 1:26-cv-1232-TLN-SCR, 2026 WL 1398910, at *2 (E.D. Cal. May 19, 2026); *Hoac v. Becerra*, No. 2:25-cv-1740-DC-JDP, 2025 WL 1993771, at *4-5 (E.D. Cal. July 16, 2025). I recommend that petitioner be immediately released from immigration custody.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 029-581-874) from its custody subject to the previously-imposed conditions of release, if any.

3. Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless it obtains a travel document for his removal, if necessary, and follows all procedures set forth in 8

C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

4. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

5. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 7, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE